IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 06-074 |
| | : | |
| AURELIO CARRAZANA | : | |

M E M O R A N D U M

**STENGEL, J.**

In correspondence dated January 1, 2008 and labeled "motion for re-test of drugs," the defendant petitions the court, *pro se*, for an Order requiring the testing of the drugs seized in his home to determine their identity. He contends that the "form of drugs" seized during the search of his home is not consistent with the purity levels required in determining the identity of crack cocaine. For the following reasons, I will deny this motion.

On February 4, 2003, a confidential informant disclosed to local law enforcement that he had purchased drugs from an individual named "Cuba," who was later identified as Aurelio Carrazana. On that basis, the Reading police obtained and executed a search warrant for Carrazana's home on the following day. After waiving his Miranda rights, Carrazana told the officers that he had heroin and crack in his locked basement which the officers found and seized. He was arrested in possession of 57.67 grams of cocaine base ("crack") and 13.66 grams of heroin. A federal grand jury indicted him with possession of crack with intent to distribute, possession of crack with intent to distribute near a

school, possession of heroin with intent to distribute, and possession of heroin with intent to distribute near a school.

On June 18, 2007, Carrazana changed his plea to guilty pursuant to a written plea agreement.  In paragraph 7(a) of the agreement, the defendant stipulated for purposes of the sentencing guidelines that "the cocaine base involved in this case is "crack" as defined in USSG § 2D1.1, Note D."  In paragraph 7(b) of the agreement, the defendant also stipulated that "13.66 grams of heroin and 57.67 grams of cocaine base ("crack") were possessed by the defendant with the intent to distribute and the defendant's Guideline range should be calculated based on this amount pursuant to USSG § 1B1.3."  Furthermore, at the change of plea hearing, the defendant admitted possessing 163 packets of heroin totaling 7.0 grams (150 of which were wrapped in bundles of 10); 2 "fingers" (cylinder style packaging) of heroin weighing 5.7 grams; 51.5 grams of cocaine base ("crack"); one plastic bag containing 5.4 grams of cocaine base ("crack"); small amount of loose cocaine base ("crack") on a dinner plate; and 3 small black packets containing .51 grams of cocaine base ("crack") and two small purple packets of cocaine base ("crack") weighing .26 grams.

Carrazana faces a mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) for quantities of fifty grams or more of cocaine base.  This statute applies whether the cocaine base is "crack" or not.  However, the applicability of the sentencing guidelines does require a determination that the substance is "crack."  United

States v. James, 78 F.3d 851, 856 (3d Cir. 1995) (government must prove by a preponderance of the evidence that the form of the cocaine base involved in a case is "crack" as defined in U.S.S.G. § 2D1.11).  The determination of whether a substance is "crack" is not a scientific one.  Application Note (D) of Guideline Section 2D1.1 provides, "'Cocaine base,' for the purposes of this guideline, means 'crack.'  'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."  Accordingly, it is not necessary for the government to perform a chemical analysis to prove that a substance is crack.  See United States v. Dent, 149 F.3d 180, 190 (3d Cir. 1998); United States v. Roman, 121 F.3d 136, 141 (3d Cir. 1997).

It is also important to note that the defendant admitted that he possessed crack.  The indictment charged that one of the substances seized from the defendant's home was cocaine base ("crack").  The defendant stipulated in the plea agreement that the substance was cocaine base ("crack").  He admitted to facts including the specific reference to cocaine base ("crack").  See United States v. Roberson, 194 F.3d 408, 416-17 (3d Cir. 1999)(defendant waived claim that government had not proven substance was crack where information charged "cocaine base, known as 'crack' cocaine" and written plea agreement indicated defendant was pleading guilty to distributing crack).

Because the defendant's guilty plea agreement and colloquy clearly established the drugs that the defendant admitted he possessed included crack, there is no need for further

3

testing of the drugs.  I will deny the motion.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 06-074 |
| | : | |
| AURELIO CARRAZANA | : | |

## O R D E R

     **AND NOW,** this   16th   day of January, 2008, upon consideration of the defendant's motion to re-test the drugs (Document #47), and the government's response thereto (Document #48), it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.