IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 06-0074 |
| | : | |
| AURELIO CARRAZANA | : | |

## MEMORANDUM

STENGEL, J.                                                                 May 26, 2009

Aurelio Carrazana filed a *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody." In this motion, Mr. Carrazana asks me to consider whether the waiver of his appellate rights made pursuant to the terms of a written plea agreement is unenforceable if the government breached its own obligations under the agreement. For the following reasons, I will deny the motion in its entirety.

## I. BACKGROUND

On February 21, 2006, Mr. Carrazana was indicted with possession of fifty grams or more of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (count one); possession of fifty grams or more of crack cocaine with intent to distribute within a thousand feet of a school in violation of 21 U.S.C. § 860(a) (count two); possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (count three), and possession of heroin within a thousand feet of a school in violation of 21 U.S.C. § 860(a) (count four). These charges stemmed from Mr. Carrazana's arrest on February 4, 2003, after officers of the Reading Police Department

executed a search warrant at his residence and recovered 13.66 grams of heroin and 57.67 grams of cocaine base ("crack"), which he admitted belonged to him.

On June 18, 2007, pursuant to a written plea agreement with the government, Mr. Carrazana pleaded guilty to count two and count four of the indictment. Under the terms of this agreement, Mr. Carrazana agreed, *inter alia*, to cooperate fully with the government. See Guilty Plea Agreement ¶ 3. If the government determined that Mr. Carrazana had fulfilled his obligation of cooperation, then it would move to dismiss the remaining two counts of the indictment at sentencing, and make the nature and extent of his cooperation known to the court. Id. ¶¶ 4(a) and 4(b). In addition, if the government determined that Mr. Carrazana had fulfilled his obligations of cooperation and provided complete and substantial assistance in the investigation or prosecution of another person who had committed an offense, it would move to allow the court to impose a sentence below the applicable mandatory minimum pursuant to 18 U.S.C. § 3553(e). Id. ¶ 4(c). Mr. Carrazana also agreed to waive his right to appeal or collaterally attack his conviction or sentence, except under certain narrow circumstances set forth in the agreement, none of which are applicable here.[1] Id. ¶ 8.

Prior to sentencing, the government filed a memorandum indicating that Mr.

---

[1] None of the circumstances that would allow Mr. Carrazana to file an appeal or a collateral attack of his sentence under the terms of the Guilty Plea Agreement have occurred: the government has not appealed, Mr. Carrazana's sentence did not reflect an upward departure from the sentencing guidelines, and I did not impose an unreasonable sentence above the final sentencing guideline range. See Guilty Plea Agreement ¶ 8.

Carrazana had not provided complete and substantial assistance in the investigation or prosecution of another person, and that it therefore decided not to file a motion for a downward departure. At sentencing, Mr. Carrazana neither objected to the government's decision nor argued that the government should have filed such a motion. There being no legal basis for imposing a sentence below the mandatory minimum, I imposed the minimum sentence of 240 months' incarceration[2] on February 27, 2008.

Mr. Carrazana filed a timely notice of appeal with the Third Circuit Court of Appeals. When the government moved to enforce Mr. Carrazana's waiver of his right to appeal, Mr. Carrazana filed a motion to voluntarily dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42(b). On June 19, 2008, the Court of Appeals granted the motion and dismissed Mr. Carrazana's appeal.

## II. LEGAL STANDARD

Mr. Carrazana is entitled to relief only if his custody or sentence violates federal law or the Constitution of the United States. Title 28 of the United States Code, Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

---

[2] Mr. Carrazana was subject to this mandatory minimum sentence because he had previously been convicted of a felony controlled substance violation, and because the offense here involved fifty or more grams of crack cocaine. See 21 U.S.C. § 841(b)(1)(A).

3

is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A district court is given discretion in determining whether to hold an evidentiary hearing on a *habeas* petition under Section 2255. See Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the *habeas* petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the V. I. v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under Section 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)); see also Forte, 865 F.2d at 62.

## II. DISCUSSION

### A. Waiver of Appellate Rights[3]

Mr. Carrazana argues that his appellate waiver is not enforceable because the government breached its obligations under the written plea agreement by honoring only part of the agreement. Specifically, he claims that because the government honored

---

[3] Although not mentioned by Mr. Carrazana, I am construing his petition to include the waiver of his right to collaterally attack his conviction and sentence for purposes of this § 2255 petition.

4

Paragraph 4(a) of the agreement, it was obligated to also honor Paragraph 4(c).[4] This claim is meritless.

In this circuit, waivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice. United States v. Ahmad, 2009 U.S. App. LEXIS 9384, *6 (3d Cir. April 28, 2009) (citing United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001)). Waivers of appeals should be strictly construed. Khattak, 273 F.3d at 562. In determining whether a defendant's waiver of appellate rights was knowing and voluntary, the role of the sentencing judge in conducting a colloquy under Federal Rule of Criminal Procedure 11 is critical. Id. at 563. Under Federal Rule of Criminal Procedure 11, before accepting a plea of guilty, the court must address the defendant personally and determine that the defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence.

At the change of plea hearing, I colloquied Mr. Carrazana regarding the waiver of various rights including his right to appeal and/or collaterally attack his conviction and

---

[4] The pertinent wording of the agreement is as follows: "4. If the government in its sole discretion determines that the defendant has fulfilled all of his obligations of cooperation as set forth above, at the time of sentencing, the government will: (a) move to dismiss counts one and three of the indictment as to this defendant. . . . (c) move to allow the court to impose a sentence below any mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 3553(e), if the government, in its sole discretion, determines that the defendant has provided complete and substantial assistance *in the investigation or prosecution of another person who has committed an offense, including testifying at any trial or proceeding as required*. (Emphasis added).

5

sentence. See N.T. 06/18/07 at 17-20. He acknowledged[5] that he understood the limitations placed on these rights by virtue of his pleading guilty. Id. at 20-21. Mr. Carrazana also acknowledged that he understood the maximum penalties that he was facing by pleading guilty. Id. at 12. Counsel for Mr. Carrazana indicated that he had had enough time before the hearing to explain to his client the ramifications of pleading guilty, and that he felt his client understood those ramifications, including the rights he would be waiving. Id. at 26-27. Before accepting the plea, I found that Mr. Carrazana was alert and competent to enter a guilty plea, and that the plea was knowing and voluntary. Id. at 27, 28. Nothing in his § 2255 petition or accompanying papers changes those findings.

Furthermore, Mr. Carrazana has not made a showing that enforcing the waiver of his appellate and/or *habeas* rights would work a miscarriage of justice. United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008). The Third Circuit Court of Appeals has chosen not to identify specific situations in which enforcement of a waiver provision would work a miscarriage of justice and has instead endorsed the case-by-case approach established in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001). See Khattak, 273 F.3d at 563. In Teeter, the First Circuit Court of Appeals stated:

> In charting this course, we recognize that the term "miscarriage of justice" is more a concept than a constant.

---

[5] Mr. Carrazana was provided the services of a Spanish-speaking interpreter at this hearing. See N.T. 06/18/07 at 3.

> Nevertheless, some of the considerations come readily to mind: the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result. Other considerations doubtless will suggest themselves in specific cases.

Tweeter, 257 F.3d at 26. Here, the government's decision not to move for a downward departure from the mandatory minimum as contemplated by Paragraph 4(c) of the written guilty plea agreement was not error. The paragraphs of the agreement at issue here are independent of each other. One paragraph of the plea agreement explicitly stated that if Mr. Carrazana fulfilled his obligation of cooperation, then the government would move to dismiss the remaining two counts of the indictment at sentencing. See Guilty Plea Agreement ¶ 4(a). The government fulfilled that obligation as agreed. However, another paragraph of the plea agreement explicitly stated that if Mr. Carrazana fulfilled his obligations of cooperation *and* provided complete and substantial assistance in the investigation or prosecution of another person who had committed an offense, then the government would move to allow the court to impose a sentence below the applicable mandatory minimum pursuant to 18 U.S.C. § 3553(e). Id. ¶ 4(c) (emphasis added). It was in the sole discretion of the government to determine whether Mr. Carrazana had provided such assistance. That the government determined he had not done so had no impact on its determination to move to dismiss the two remaining counts in the indictment. Id. ¶ 4(a). I conclude that enforcing the waiver of the right to appeal or

collaterally attack the conviction and sentence in this case would not work a miscarriage of justice. Accordingly, I will enforce the waiver and find that Mr. Carrazana is not entitled to the collateral review of his conviction and sentence.[6]

In conclusion, upon the denial of a § 2255 motion, an appeal to the Court of Appeals is not permitted unless the petitioner obtains a certificate of appealability. 28 U.S.C. § 2253. The law permits the issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to present a "substantial showing of a denial of any constitutional right" such that an appeal is justified, the mere allegation of a constitutional wrong is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996). To establish the required showing, "[t]he petitioner must demonstrate that reasonable jurists

---

[6] I also note that because he failed to raise this claim at sentencing or in his direct appeal, Mr. Carrazana's claim that the government breach the plea agreement is procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 622 (1998). He argues that his default should be excused due to ineffective assistance of counsel. Yet counsel cannot be ineffective for failing to raise the frivolous argument that Mr. Carrazana was entitled to a departure motion without having provided the government with "complete and substantial assistance in the investigation or prosecution of another person." Ineffective assistance arguments premised on an attorney's failure to raise frivolous legal arguments do not satisfy the first prong of Strickland v. Washington, which requires the movant to establish that his "representation fell below an objective standard of reasonableness." 466 U.S. 668, 688 (1984). See Lockhart v. Fretwell, 506 U.S. 364, 382 (1993) (ineffective assistance claims predicated on failure to make wholly frivolous or unethical arguments will generally be dispensed with under Strickland's first prong); see also Knowles v. Mirzayance, 129 S. Ct. 1411, 1422 (2009) (the law does not require counsel to raise every available non-frivolous defense). Further, such claims cannot satisfy Strickland's second prong, which requires a defendant to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The claim must be constitutional in nature. There may be no certificate of appealability for an issue which presents only a statutory or sentencing guidelines question. United States v. Cepero, 224 F.3d 256, 262-68 (3d Cir. 2000). Mr. Carrazana has not made the required showing of a denial of a constitutional right. I will deny the issuance of a certificate of appealability.

An appropriate Order follows.